IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONITRONICS INTERNATIONAL, INC., | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:13-mc-134-L-BN |
| iCONTROL NETWORKS, INC. | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Monitronics International, Inc. was served by iControl Networks, Inc. with a subpoena issued out of the Northern District of Texas (the "Subpoena"), which Subpoena commands Monitronics to produce documents in connection with a suit filed in the Eastern District of Virginia by iControl against other entities. *See* Dkt. No. 1-1. Monitronics has filed a Motion to Quash Subpoena or in the Alternative, Motion for Protection, *see* Dkt. No. 1, and Judge Lindsay has referred the motion to the undersigned magistrate judge for determination, *see* Dkt. No. 2. Monitronics has certified that it served its motion on counsel for the parties in the Virginia proceeding, including counsel for iControl, *see* Dkt. No. 1 at 9, *accord id.* at 10-12, and the time for a response to the motion has passed without the filing of any response in opposition, *see* N.D. TEX. L. CIV. R. 7.l(e).

iControl served Monitronics, by and through its registered agent for service of process, CT Corporation, with the Subpoena on October 15, 2013. *See* Dkt. No. 1-1 at

1. The subpoena states that Monitronics's deadline to respond to the subpoena is September 25, 2013. *See id.* This return date is 20 days before the date on which the Subpoena was served on Monitronics.

Under Fed. R. Civ. P. 45(c)(3)(A)(i), "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply." *See Hernandez v. City of Corpus Christi*, No. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing a subpoena on this basis). The choice to quash or modify is in this Court's discretion. *See Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 & n.4 (5th Cir. 1994).

A return date predating service manifestly does not allow reasonable time to comply. IControl has not appeared through counsel and filed any opposition to Monitronics's request to quash on this basis.

The Court further finds that Monitronics timely filed the motion to quash within 13 days of service. Rule 45 does not define a "timely motion" but does provide that, if the subpoenaed party chooses to serve objections instead of moving to quash, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(c)(2)(B). Of course, Monitronics could no more serve objections or file a motion to quash by September 25, 2013 in response to a subpoena with which it was first served on October 15, 2013 than it could produce documents in response to the Subpoena by a date 20 days prior to the Subpoena's service. Absent a valid return date, the Court determines that – under the circumstances presented here – a motion to quash filed within 14 days after the

subpoena is served is "timely."

Finally, the Court determines that quashing this facially defective subpoena is appropriate under the circumstances. This order does not, in and of itself, prevent iControl from serving another subpoena on Monitronics with a valid return date, and, in light of the Court's resolution of this motion, the Court need not address the arguments and alternative requests for relief that Monitronics asserts in its alternative motion for protection.

The Court GRANTS Monitronics's Motion to Quash Subpoena or in the Alternative, Motion for Protection [Dkt. No. 1] and QUASHES, in its entirety, the Subpoena served by iControl on Monitronics, *see* Dkt. No. 1-1. The Clerk of Court is directed to serve, by first-class mail, a copy of this order on the counsel listed in the Certificate of Service on page 9 of Monitronics's Motion to Quash Subpoena or in the Alternative, Motion for Protection [Dkt. No. 1].

SO ORDERED.

DATED: November 21, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE